UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY JAMES WHITE,<br><br>   Plaintiff,<br><br> vs.<br><br>KRANTZ, et al.,<br><br>   Defendants. | 1:20-cv-00892-ADA-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED AS MOOT**<br><br>**(ECF No. 20.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I. BACKGROUND**

Cory James White ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 29, 2020. (ECF No. 1.)

On July 8, 2022, Plaintiff filed a motion titled "Petition for an Order Granting Pendente Lite to Plaintiff," which the Court construes as a motion for preliminary injunctive relief. (ECF No. 20.)

**II. PRELIMINARY INJUNCTIVE RELIEF**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at

374 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.

### III. PLAINTIFF'S MOTION

Plaintiff, who is currently housed at California State Prison-Los Angeles County (CSP-LAC),  requests a court order compelling CDCR to allow him to observe the tenents of Judaism on Jewish Holy Day(s).

**Analysis**

The court lacks jurisdiction to issue the order sought by Plaintiff as the order would neither remedy any of the claims upon which this case proceeds as Plaintiff is no longer housed at KVSP, but more importantly, Plaintiff requests his relief from a non party,  CDCR,  which is not a defendant in this case.   In short, Plaintiff's complaint concerns events that allegedly occurred at Kern Valley State Prison in Delano, California, based on events occurring in 2018-19.  Plaintiff now requests a court order compelling CDCR to enforce his requested relief at California State Prison-Los Angeles County in Lancaster, California, where Plaintiff is now incarcerated.  Because such an order would not remedy any of the claims contained in this case, and because CDCR is not a party to this case,  the court  lacks jurisdiction to issue the order sought by Plaintiff, and thus Plaintiff's motion must be denied.  "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

### IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on July 8, 2022, be DENIED for lack of jurisdiction.

///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 14, 2022**                     **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE