UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY JAMES WHITE,<br><br>        Plaintiff,<br><br>   vs.<br><br>KRANTZ, et al.,<br><br>        Defendants. | 1:20-cv-00892-ADA-GSA-PC<br><br>**RESPONSE TO PLAINTIFF'S OBJECTIONS**<br><br>**(ECF No. 24.)**<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**ORDER GRANTING REQUEST FOR EXTENSION OF TIME TO FILE ADDITIONAL OBJECTIONS**<br><br>**THIRTY-DAY DEADLINE** |

**I.    BACKGROUND**

Cory James White ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 29, 2020. (ECF No. 1.) On September 16, 2020, the Court dismissed the Complaint for failure to state a claim, and on October 12, 2021, Plaintiff filed the First Amended Complaint, upon which this case now proceeds. (ECF Nos. 15, 16.)

1

On November 21, 2022, the Court issued findings and recommendations, recommending that this case be dismissed, with prejudice, for failure to state a claim. (ECF No. 23.) On December 16, 2022, Plaintiff filed objections to the findings and recommendations. (ECF No. 24.)

**II.    PLAINTIFF'S OBJECTIONS**

In the objections, Plaintiff raises questions about this case, requests appointment of counsel, and requests an extension of time to file additional objections.

**Plaintiff's Case Number**

First, Plaintiff states that he "does not understand the nature of this instant matter nor does he recognize the case number [1:20-cv-00892-ADA-GSA-PC] as being active." (ECF No. 24 at 1:11-13.) He explains that his last communication from the Court was on February 3, 2022, which notified him that all further proceedings would be handled by District Judge Dale A. Drozd through case number 1:20-cv-00892-DAD-GSA.

It is likely that Plaintiff does not recognize the current case number because the case number has changed more than once, specifically twice in 2020, and three times in 2022. According to the Court's record, this case was filed by Plaintiff on June 29, 2020, and originally assigned case number 1:20-cv-00892- GSA-PC. (ECF No. 1.) The "GSA" designation on the case number reflect the initials of Magistrate Judge Gary S. Austin, to whom the case was assigned.

On July 14, 2020, the Court issued a standing order reassigning the case to UnassignedDJ, and changing the case number to 1:20-cv-00892-NONE-GSA-PC. (ECF No. 8.) The "NONE" designation on the new case number indicates that no particular District Judge was assigned to the case. Plaintiff was served with a copy of the standing order at his address-of-record on July 14, 2022. (Court Record.)

On January 7, 2022, the Court issued an order reassigning Plaintiff's case from UnassignedDJ to District Judge Jennifer L. Thurston and changing the case number to 1:20-cv-00892-JLT-GSA-PC. (ECF No. 18.) The "JLT" designation on the new case number reflects the initials of District Judge Jennifer L. Thurston, to whom the case was reassigned. Plaintiff

was served with a copy of the order at his address-of-record on January 7, 2022. (Court's record.)

On February 3, 2022, the Court issued an order reassigning Plaintiff's case from District Judge Jennifer L. Thurston to District Judge Dale A. Drozd and changing the case number to 1:20-cv-00892-DAD-GSA-PC. (ECF No. 19.) The "DAD" designation on the new case number reflects the initials of District Judge Dale A. Drozd, to whom the case was reassigned. Plaintiff was served with a copy of the order at his address-of-record on February 3, 2022. (Court's record.)

On August 24, 2022, the Court issued an order reassigning Plaintiff's case from District Judge Dale A. Drozd to District Judge Ana de Alba, and changing the case number to the current case number 1:20-cv-00892-ADA-GSA-PC. (ECF No. 21.) The "ADA" designation on the new case number reflects the initials of District Judge Ana de Alba, to whom the case was reassigned. Plaintiff was served with a copy of the order at his address-of-record on August 24, 2022. (Court Record.)

Thus, the current case number for Plaintiff's case is 1:20-cv-00892-ADA-GSA-PC. Plaintiff should use this case number unless he is notified of a change in the future.

**Jurisdiction of Magistrate Judge Gary S. Austin**

Plaintiff questions whether Magistrate Judge Gary S. Austin has jurisdiction in this matter because "the case number isn't active nor did he apply Turner to the totality of the circumstances." (ECF No. 24 at 2:1-4.) Regardless of whether Magistrate Judge Gary S. Austin applied Turner in his decision, Plaintiff is advised that Judge Austin is currently assigned as Magistrate Judge to Plaintiff's case and has jurisdiction under Local Rule 304(a) to issue proposed findings and recommendations.

**Request for Extension of Time**

Plaintiff requests an extension of time to file additional objections, because he lacks sufficient access to the law library at the prison where he is incarcerated. Plaintiff alleges that he does not have automatic access to the library and must sign up and await an appointment. The Court finds good cause to grant Plaintiff an extension of time to file additional objections.

**Request for Appointment of Counsel**

Plaintiff also requests that counsel be appointed to assist him with this case, because he is unschooled in the law and does not understand the nature of the instant matter. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff seeks appointment of counsel because he lacks adequate access to the law library. This is not an exceptional circumstance under the law. The court finds it unlikely that Plaintiff will prevail on the merits of this case, because the Court had issued findings and recommendations to dismiss this case for failure to state a claim upon which relief may be granted. (ECF No. 23.) Plaintiff's religious claims are not complex, and based on a review of the record in this case Plaintiff can adequately articulate his claims and respond to court orders. Thus, the court does not find the required exceptional circumstances, and plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for appointment of counsel is DENIED without prejudice; and
2. Plaintiff's request for extension of time to file additional objections is GRANTED; Plaintiff is granted thirty days from the date of service of this order

in which to file additional objections to the findings and recommendations issued on November 21, 2022.

IT IS SO ORDERED.

Dated: __**December 29, 2022**__          _____**/s/ Gary S. Austin**_____
                                         UNITED STATES MAGISTRATE JUDGE