UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY JAMES WHITE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KRANTZ, et al.,<br><br>　　　　Defendants. | 1:20-cv-00892-ADA-GSA-PC<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL**<br><br>**(ECF No. 23.)**<br><br>**ORDER DISMISSING THIS CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 16.)**<br><br>**ORDER FOR CLERK TO CLOSE CASE** |

　　　　Cory James White ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On November 21, 2022, findings and recommendations were entered, recommending that this case be dismissed based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983. (ECF No. 23.) On December 16, 2022, Plaintiff filed objections to the findings and recommendations. (ECF No. 24.) On December 29, 2022, the Court granted

Plaintiff leave to file additional objections. (ECF No. 25.) On January 30, 2023, Plaintiff filed additional objections. (ECF No. 26.)

In Plaintiff's objections, Plaintiff asks the court to reconsider the magistrate judge's recommendation that the Complaint be dismissed without leave to amend. (ECF No. 26 at 2-3). Plaintiff seeks to dismiss claims against Defendants Paul Gonzales, Randy Lindsey, and Maurice Howard. In addition, Plaintiff seems to take issue with the assigned magistrate judge's findings and recommendations stating that Defendant Ron Krantz's actions "were not rationally related to legitimate penological interests." (ECF No. 24 at 13). Plaintiff argues that he has validity stated a claim under the First Amendment free exercise clause, applying the factors laid out by the Supreme Court in *Turner v. Safley,* 482 U.S. 78 (1987), in which the court considered the reasonableness of a prison regulation. (ECF No. 26 at 5-6). However, this does not change the findings and recommendations. As noted in the findings and recommendations' review of Plaintiff's appeal log, Defendant Krant's denying Plaintiff kosher meals was "not malicious . . . but . . . because of a program violation." (ECF No. 26 at 14). "'Penological interests are interests that relate to the treatment (including punishment, deterrence, rehabilitation, etc.) of persons convicted of crimes.'" (*Id.* quoting (*Bull v. City & Cnty. of San Francisco*, 595 F.3d 964, 996 (9th Cir. 2010) (internal citations omitted)).

In addition, Plaintiff argues that Defendants are not entitled to qualified immunity. However, this was not a ground under which the assigned magistrate judge found to dismiss Plaintiff's claims. Therefore, this argument in unpersuasive.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations issued by the Magistrate Judge on November 21, 2022, are adopted in full;

2. This action is dismissed, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983; and

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   February 14, 2023

_____
UNITED STATES DISTRICT JUDGE