UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY JAMES WHITE,<br><br>        Plaintiff,<br><br>    v.<br><br>RON KRANTZ, et al.,<br><br>        Defendants. | Case No.: 1:20-cv-00892-KES-CDB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>(Doc. 60) |

Plaintiff Cory James White is appearing pro se and *in forma pauperis* in this civil rights action.

### I. INTRODUCTION

On December 8, 2025, Plaintiff filed a document titled "Plaintiff's Response to [Defendants'] Answer to the First Amended Complaint; and Plaintiff's Demand for Jury Trial,"[1] and includes a request the Court appoint counsel to represent Plaintiff. (Doc. 60.)

### II. DISCUSSION

Plaintiff requests an attorney be appointed to represent him in this matter because he is "a layman at law, the issues are complex and need to be developed to show collusion and the deliberate [indifference] of the defendants." (Doc. 60.)

---

[1] All parties have requested a jury trial. (*See* Doc. 16 at 9 [first amended complaint] and Doc. 57 [answer].)

1  Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Discovery has only recently commenced with the Court's issuance of a Discovery and Scheduling Order on November 3, 2025. (Doc. 59.) Therefore, a merits-based determination is premature as discovery is ongoing in this action. *See, e.g.*, *Serrano v. Rudas*, No. 1:22-cv-00950-KES-CDB, 2024 WL 4190106, at *1 (E.D. Cal. Sept. 13, 2024) ("A merits-based determination largely is premature as discovery is ongoing in this action, particularly given Plaintiff's failure to argue he is likely to prevail on his claims").

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se considering the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Notably, the previously assigned magistrate judge found the issues originally presented were not complex. (*See* Doc. 15 at 17 [denying Plaintiff's request for appointment of counsel and stating "Plaintiff's Free Exercise claims, RLUIPA claims, and Eighth Amendment claims are not complex"].) Similarly, the undersigned finds the sole cognizable claim pleaded in the operative complaint pursuant to the First Amendment Free Exercise clause is not complex. *See Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur

2

absent the presence of counsel"); *Ahdom v. Etchebehere*, No. 1:13-cv-01623-DAD-GSA-PC, 2017 WL 3593392, at *31 (E.D. Cal. Aug. 21, 2017) (deeming the plaintiff's claim pursuant to Free Exercise clause of the First Amendment is "not complex"). And a review of the docket for this action reveals Plaintiff can articulate his claims given their complexity and successfully appealed the dismissal of his First Amendment Free Exercise claim while representing himself. (*See* docket, generally.)

Separately, Plaintiff's lack of legal education is not an extraordinary circumstance warranting the appointment of counsel. *See Brooks v. Smith*, No. 2:22-CV-0062-DMC-P, 2022 WL 17629298, at *1 (E.D. Cal. Dec. 13, 2022) ("Plaintiff's stated circumstances such as the lack of knowledge, legal rules and procedure, or the potential necessity of an expert witness are common to almost all prisoners and, as such not extraordinary").

And a prisoner plaintiff's indigency and incarceration are circumstances that do not qualify as exceptional circumstances warranting the appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) (noting that a plaintiff's indigence does not qualify as an exceptional circumstance in a prisoner civil rights case); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding pro se and is incarcerated, he faces the same obstacles all pro se prisoners face"). *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

That an attorney may be better able to perform research, investigate, and represent Plaintiff during discovery and at trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn v. Escalderon*, 789 F.2d

3

1328, 1331 (9th Cir. 1986) (same); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist).

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *See Wilborn*, 789 F.2d at 1331. Here, no exceptional circumstances exist warranting the appointment of counsel.

### III. CONCLUSION AND ORDER

Based upon the foregoing, this Court **HEREBY ORDERS** that Plaintiff's motion or request for the appointment of counsel (Doc. 60) is **DENIED**.

IT IS SO ORDERED.

Dated: __December 18, 2025__

UNITED STATES MAGISTRATE JUDGE

4