UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY JAMES WHITE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RON KRANTZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:20-cv-00892-KES-CDB<br><br>**ORDER GRANTING DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S WRITTEN DISCOVERY REQUESTS**<br><br>(Doc. 62) |

Plaintiff Cory James White is appearing pro se and *in forma pauperis* in this civil rights action.

## I.     INTRODUCTION

On November 3, 2025, the Court issued its Discovery and Scheduling Order. (Doc. 59.) Relevant here, the deadline for completing discovery was set for July 3, 2026. (*Id*. at 1-2.)

On April 7, 2026, Defendants Gonzales, Howard, Krantz, and Lindsey filed Defendants' First Request for Extension of Time to Respond to Plaintiff's First Set of Written Discovery Requests. (Doc. 62.)

## II.     DISCUSSION

Defendants seek a 45-day extension of the deadline to serve responses to Plaintiff's pending written discovery requests, including requests for production of documents, interrogatories, and requests for admissions.

Defendants' request is supported by the Declaration of John W. Nam, counsel for Defendants. Counsel states the present deadline for responding to Plaintiff's discovery requests is April 10, 2026. According to counsel, an extension to May 25, 2026, would allow Defendants additional time within to "finish ascertaining what information and documents are responsive to Plaintiff's requests, if any, and [to] finalize and serve Defendants' responses." Counsel declares he has been diligently working with a litigation coordinator but requires additional time to complete that process and to draft and review the responses with the Defendants before serving Plaintiff. Counsel declares deadlines and court appearances in other assigned matters support Defendants' request, including: pretrial appearances and motions, preparation of jury instructions, verdict forms, and exhibits in a matter set to be tried by a jury in this Court on May 12, 2026; pretrial motion filing deadlines in a matter pending in the Sacramento division; and a joint case management statement deadline and related court appearance in a matter pending in the Northern District of California. Counsel declares he is unaware of any reason this request would prejudice Plaintiff and that the requested extension "should have minimal impact" on the discovery schedule for this action. Finally, counsel declares Defendants' request is not made for the purpose of harassment, undue delay, or any other improper reason.

"District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quotation marks & citation omitted). A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In considering whether a party moving for a schedule modification has shown good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

Based on counsel's declaration, the Court finds good cause to grant Defendants' request

for an extension of time.

**III.   CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS**:

1.  Defendants' request for an extension of time (Doc. 62) is **GRANTED**; and

2.  Defendants **SHALL** respond to Plaintiff's written discovery requests **no later than May 25, 2026**.

IT IS SO ORDERED.

Dated:   **April 8, 2026**

_____

UNITED STATES MAGISTRATE JUDGE

3