UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY JAMES WHITE,<br><br>    Plaintiff,<br><br>  v.<br><br>RON KRANTZ, et al.,<br><br>    Defendants. | Case No.: 1:20-cv-00892-KES-CDB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS PREMATURE**<br><br>(Doc. 64) |

Plaintiff Cory James White is appearing pro se and *in forma pauperis* in this civil rights action.

**I.  INTRODUCTION**

The Court issued its Discovery and Scheduling Order on November 3, 2025. (Doc. 59.) The deadline for the completion of discovery was set for July 3, 2026. (*Id*. at 1, 2.)

On April 7, 2026, Defendants filed a request for an extension of time to respond to Plaintiff's written discovery requests. (Doc. 62.) The following day, the Court granted Defendants' request, extending the deadline for Defendants' responses to May 25, 2026. (Doc. 63.)

On April 13, 2026, Plaintiff filed "Plaintiff's Notice and Motion to Compel Discovery Pursuant to Rule 34(b) and 37(a) of the Fed. R. Civ. P." (Doc. 64.)

The Court finds a response by Defendants to be unnecessary.

## II.    DISCUSSION

Briefly stated, Plaintiff indicates he served written discovery to Defendants "on or about February 19th of 2026," including requests for production of documents, interrogatories, and requests for admission. He states that as of April 7, 2026, Defendants have failed to respond to his written discovery and that those responses were due within "30 DAYS."[1] Plaintiff contends Defendants have waived any objections and seeks an order compelling Defendants to respond.

The Court finds the motion is premature. Plaintiff's motion is dated April 8, 2026, and was served on the same date the Court issued its order granting Defendants an extension of time within which to respond to Plaintiff's written discovery requests. Thus, Plaintiff had not yet learned of the extension to May 25, 2026, afforded to Defendants. Because the Court has "broad discretion to manage discovery and to control the course of litigation"[2] and because the Court extended the relevant discovery response deadline, Defendants have not waived any objection to Plaintiff's written discovery requests.

Plaintiff is advised that should Defendants fail to respond to his written discovery requests by May 25, 2026, he may re-file his motion to compel for the Court's consideration.

## III.    CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court **HEREBY ORDERS** that Plaintiff's motion to compel (Doc. 64) is **DENIED** as premature.

IT IS SO ORDERED.

Dated:    **April 14, 2026**

UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent Plaintiff asserts Defendants responses were due within 30 days, he is mistaken. Rather, as indicated in the scheduling order, "[r]esponses to written discovery requests shall be due forty-five (45) days after the request is first served." (Doc. 59 at 1, emphasis in original.)

[2] *See Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quotation marks & citation omitted); *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).

2