UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY JAMES WHITE,<br><br>          Plaintiff,<br><br>    v.<br><br>RON KRANTZ, et al.,<br><br>          Defendants. | Case No.: 1:20-cv-00892-KES-CDB (PC)<br><br>**ORDER ADDRESSING PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY BRIEFING**<br><br>**ORDER DENYING CONSTRUED MOTION FOR RECUSAL AND REASSIGNMENT**<br><br>(Doc. 69) |

Plaintiff Cory James White is appearing pro se and *in forma pauperis* in this civil rights action. This action proceeds on Plaintiff's Free Exercise Clause claims against Defendants Krantz, Howard, Gonzales, and Lindsey. (*See* Doc. 37.)

**I.    RELEVANT PROCEDURAL BACKGROUND**

On November 3, 2025, the Court issued its Discovery and Scheduling Order. (Doc. 59.)

On April 15, 2026, Plaintiff filed a motion for summary judgment. (Doc. 66.)

On May 1, 2026, Defendants filed a motion to stay briefing on Plaintiff's summary judgment motion. (Doc. 67.)

On May 4, 2026, the Court issued its Order Granting Defendants' Motion to Stay Briefing and Extend Deadlines for Plaintiff's Motion for Summary Judgment. (Doc. 68.)

On May 26, 2026, Plaintiff filed a document titled "Opposition to Defendant's Motion to

Stay Briefing Deadlines." (Doc. 69.)

## II.   DISCUSSION

### *Plaintiff's Filing of May 26, 2026*

Plaintiff states he makes "this limited and special appearance in opposition" to Defendants' motion "due to the continuous prejudice which does arise from the systematic delays" caused by defense counsel, "especially considering they professed to want a jury trial." (Doc. 69 at 1.) Plaintiff states "[g]eneral orders of a judicial district, like a district court's local rules, may not conflict with federal law, let alone the constitution." (*Id*.) Next, Plaintiff contends he has been "diligently litigating these matters, but only through and by the inaction of [Defendants'] counsel has this matter continued to be a burden upon the court record." (*Id*. at 2.) He argues prejudice is demonstrated by defense counsel's "insistence that the Defendants bear no liability," that the Ninth Circuit Court of Appeals "recognized there was merit to" his claim,[1] and that settlement efforts were unsuccessful because defense counsel "cannot grasp the egregious conscious denial of Plaintiff's Free Exercise claims by his clients." (*Id*.) Plaintiff contends defense counsel is further delaying these proceedings with "stall [tactics]" resulting in prejudice. (*Id*.)

Plaintiff asserts the Court should "deny the stay, and instead set a trial date." (Doc. 69 at 3.) Next, Plaintiff states defense counsel "has stated he wanted a trial and has had continued the matter before using discovery, while not performing any actual discoverable request" and maintains summary judgment should issue for Plaintiff because there are no genuine issues of as to any material fact which defense counsel "could allude to to justify a stay, and counsel should had already performed his duties as to what may be discoverable from Plaintiff." (*Id*.) Plaintiff states the issue before the Court is "whether or not Defendants did violate Plaintiff's Free Exercise claim by denying Plaintiff Kosher meals …" and that "summary judgment should issue

---

[1] The Ninth Circuit determined Plaintiff's Free Exercise claim was colorable and reversed the Court's order dismissing the claim and remanded with instructions to serve the complaint. (*See* Doc. 34 at 2 [Memorandum; Case No. 23-15419].) In holding Plaintiff's claim colorable or cognizable, the appellate court did not address the *merits* of the claim; rather, it determined the claim was sufficiently pled to withstand screening and to proceed to further litigation.

2

for Plaintiff because there is no doubt that the foregoing did occur and by the individuals named in this instant matter." (*Id*.)

In an accompanying "Affidavit Pursuant to 28 U.S.C.A. § 144," Plaintiff declares, in relevant part, that he was preparing an opposition to Defendants' motion to stay when he received the Court's order granting the stay "without leave of Plaintiff's opposition[,] thus creating biases and prejudices." (Doc. 69 at 4.) Further, Plaintiff declares: "the Court through its assignment of a magistrate judge, which Plaintiff did not approve to have a magistrate judge assigned to this case, did abuse his discretion when he made a ruling and order without leave of the Plaintiff's opposition to the stay." (*Id*.) Plaintiff declares his belief that "he cannot receive an impartial proceeding from such a judge who continuously grants" Defendants' "motions and effectively preventing Plaintiff from prosecuting his claims" and he requests "the appointment of a district judge and not a magistrate." (*Id*.) Lastly, Plaintiff declares he "can [prove] that [Defendants'] did violate his Free Exercise rights by denying him Kosher meals … and that they could have cured their action on several occasions but instead doubled down on their behavior and conscious denials." (*Id*.)

### *Analysis re Plaintiff's Opposition*

Initially, the Court acknowledges that Plaintiff may oppose a defense motion pursuant to the Court's Local Rule 230(*l*). Nevertheless, Rule 6 of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Here, the undersigned extended Defendants' deadline to respond to Plaintiff's pending summary judgment motion, finding good cause to do so, and issued its order before the original time expired. More specifically, in Defendants' motion, defense counsel declared the requested stay would permit him to complete Plaintiff's deposition and to prepare and file a dispositive motion, and that his current workload and its impending deadlines, specifically outlined therein, supported the request. (Doc. 67 at 1-2, ¶ 3.) Counsel further declared he would complete Plaintiff's deposition prior to the deadline for the completion of discovery, that he intended to draft and file a dispositive

3

motion, that the stay should not significantly impact "the progress of this case or unfairly prejudice Plaintiff" because it extends only the briefing scheduling for Plaintiff's motion, that a trial date has not yet been set, and the request was not made for the purpose of harassment, undue delay, or for any other improper purpose. (*Id.*, ¶¶ 4-7.) That amounts to good cause and therefore the undersigned determined that it was not necessary to consider any opposition by Plaintiff. *See, e.g.*, *Nuno v. Eslick*, No. 1:21-cv-00769-KES-SAB (PC), 2026 WO 1374657, at *2 (E.D. Cal. May 15, 2026) (finding good cause to grant plaintiff an extension of time to file an opposition to defendants' summary judgment motion on the same day plaintiff filed his request, citing Fed. R. Civ. P. 6(b)); *Uvalles v. Rueter*, No. 2:23-cv-0160 DJC AC P, 2026 WL 879797, at *1 (E.D. Cal. Mar. 31, 2026) (granting defendant's motion *nunc pro tunc* to extend the responsive pleading deadline and deeming answer timely, citing Fed. R. Civ. P. 6(b), and without awaiting response by plaintiff).

Moreover, this Court has broad discretion to manage discovery and to control the course of litigation under Rule 16 of the Federal Rules of Civil Procedure. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). Again, as indicated above and noted in the Court's May 4 Order, the undersigned determined good cause existed to grant Defendants' motion. (Doc. 68.) Significantly too, the stay on briefing is limited and brief, extending Defendants' deadline to oppose Plaintiff's pending summary judgment motion by 120 days to September 3, 2026. (*Id.*) Further, the scheduling order provides that discovery is to be completed no later than July 3, 2026, and dispositive motions are to be filed by September 14, 2026 — those deadlines have not yet passed. (*See* Doc. 59.) By granting Defendants' requested stay on briefing pertaining to Plaintiff's summary judgment motion, the Court intends to consider any summary judgment motion filed by Defendants, together with Plaintiff's summary judgment motion, as the briefing on both motions will be completed close in time. *Hunt*, 672 F.3d at 616 (the court has broad discretion to manage discovery and to control the course of litigation).

Further, the undersigned perceives no prejudicial delay caused by defense counsel, nor is there an indication that defense counsel is not participating in discovery in accordance with the deadlines set in the scheduling order, despite Plaintiff's assertions to the contrary.

To the extent Plaintiff contends summary judgment should issue in his favor immediately because there exist no genuine issues of material fact concerning his claims against Defendants, that is a determination for this Court. Indeed, Plaintiff's summary judgment motion will be considered in due course – with the benefit of both parties having engaged in the full period provided for taking discovery – as will any summary judgment motion submitted by Defendants.

Next, the Court addresses Plaintiff's misunderstanding concerning the undersigned's assignment as magistrate judge. Plaintiff appears to believe that because he declined to consent to the jurisdiction of a magistrate judge, that a magistrate may not be assigned to this action. Not so.

The Federal Magistrates Act, 28 U.S.C. §§ 631-39, governs the jurisdiction and authority of federal magistrates. *See* 28 U.S.C. § 636. The Act provides that certain matters (for example, non-dispositive pretrial matters) may be referred to a magistrate judge for decision, while certain other matters (such as case-dispositive motions, petitions for writs of habeas corpus) may be referred only for evidentiary hearing, proposed findings, and recommendations. 28 U.S.C. § 636(b)(1)(A), (B). The Act also provides that a magistrate judge may be "assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). "Congress intended magistrates to play an integral and important role in the federal judicial system." *Peretz v. United States*, 501 U.S. 923, 928 (1991). When a party declines magistrate judge jurisdiction, that "decision entitles him to have all dispositive matters in the case resolved by the assigned district judge. It does not, as he seems to believe, entitle him to have all non-dispositive matters handled by the district judge." *Kokolios v. Diaz*, No. 2:20-cv-0933-KJM-EFB P, 20202 WL 3640244, at *1 (E.D. Cal. July 6, 2020) (citation omitted); *see, e.g., Bolin v. Brown*, No. 1:12-cv-00077-LJO-GSA-PC, 2012 WL 639464, at * 1-2 (E.D. Cal. Feb. 24, 2012) (denying reconsideration and holding, "To the extent that the basis for Plaintiff's objection is his decision to decline Magistrate Judge jurisdiction, Plaintiff misunderstands the effect of consenting to or declining Magistrate Judge jurisdiction"). Stated another way, although Plaintiff filed a declination of magistrate judge jurisdiction in this action (*see* Doc. 7), the undersigned may properly issue findings and recommendations on dispositive matters (e.g., summary judgment motions) and may issue orders directly on non-dispositive pretrial matters (e.g., orders

5

concerning pretrial motion deadlines, discovery motions, motions seeking the appointment of counsel). *See* 28 U.S.C. § 636; Local Rules 302, 304.

Given the above, Plaintiff's request for "the appointment of a district judge and not a magistrate" is improper because District Judge Kirk E. Sherriff already is assigned to this matter and the undersigned remains properly assigned as magistrate judge. The undersigned will issue findings and recommendations on any pending summary judgment motion (including addressing the merits of Plaintiff's claims against Defendants) in this action following completed briefing and in due course. Thereafter, District Judge Sherriff will consider the findings and recommendations de novo, including any objections submitted, before issuing an order either adopting or declining to adopt those findings. *See Coleman v. Wilson*, 912 F. Supp. 1282, 1297 (E.D. Cal. 1995) ("The Court is not bound to adopt the magistrate judge's findings and recommendations; on the contrary, the court must exercise sound judicial discretion in making its own determination on the record. The Court may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations" [citations omitted]); *Webb v. Califano*, 468 F.Supp 825, 828 (E.D. Cal. 1979) (a district court is under a mandatory obligation to make a de novo review of a magistrate judge's proposed findings and recommendations when timely objection is made thereto; even when no objections at all are filed).

To the extent Plaintiff requests the Court set a trial date in this matter, his request is denied as premature. Discovery has not yet been completed; the deadline for completing discovery is July 3, 2026. Further, a trial will be scheduled, if warranted, only after Judge Sherriff has issued an order addressing any summary judgment motions.

### *Analysis re Plaintiff's Construed Motion for Recusal and Reassignment*

The Court construes Plaintiff's accompanying "Affidavit Pursuant to 28 U.S.C.A. § 144" to be a motion for recusal and reassignment.

A party may seek recusal of a judge based on bias or prejudice:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further

6

therein, but another judge shall be assigned to hear such proceeding.
[¶] The affidavit shall state the facts and the reasons for the belief
that bias or prejudice exists ....

28 U.S.C. § 144.

A motion under section 144 is initially addressed to the judge whose impartiality is being questioned. *Brew v. Fehderau*, No. 1:17-cv-00681-AWI-EPG-PC, 2017 WL 4539265, at *2 (E.D. Cal. Oct. 11, 2017) (citing *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978)). "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *Id*. (quoting *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980)). "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case" and another judge is assigned to hear the proceeding. *Id*. (quoting *Azhocar*, 581 F.2d at 738). An affidavit is sufficient where it "specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *Id*. (quoting *Sibla*, 624 F.2d at 868).

Nevertheless, "[t]he test for personal bias or prejudice in section 144 is identical to that in [28 U.S.C.] section 455(b)(1)." *Id*. (quoting *Sibla*, 624 F.2d at 867). In either case, the substantive standard is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id*. (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). The bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. *Id*. (citing *Liteky v. United States*, 510 U.S. 540, 554-56 (1994)). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id*. "In and of themselves ... they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved." *Id*. "To provide grounds for recusal, prejudice must result from an extrajudicial source. A judge's previous adverse ruling alone is not sufficient bias." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

Plaintiff has failed to offer a sufficient affidavit specifically alleging facts to support the contention that the undersigned exhibits bias or prejudice towards him or his case. *Brew*, 2017

7

WL 4539265, at *2. Plaintiff has not supported his motion with any evidence that the undersigned has a personal bias against Plaintiff from an extrajudicial source. *Liteky*, 510 U.S. at 554-56; *Hernandez*, 109 F.3d at 1453. Plaintiff's disagreement with the Court's ruling on Defendants' request to extend the deadline for opposing Plaintiff's summary judgment motion (Doc. 68), denial of Plaintiff's motion to compel as premature (Doc. 65), or its ruling granting Defendants an extension of time within which to respond to Plaintiff's written discovery requests (Doc. 63) are not legitimate grounds for seeking disqualification of a judge. *Hernandez*, 109 F.3d at 1453; *Mayes*, 729 F.2d at 607. In sum, the undersigned declines to recuse himself because there has been no showing of personal bias or prejudice.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff's opposition filed May 26, 2026, and related requests made therein, is **RESOLVED**. The undersigned will issue findings and recommendations on any summary judgment motion filed in this action following completed briefing and in due course; and

2. Plaintiff's construed motion for recusal and reassignment is **DENIED**.

IT IS SO ORDERED.

Dated:   **May 28, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

8