UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CORY JAMES WHITE,

               Plaintiff,

    v.

RON KRANTZ, et al.,

               Defendants.

Case No.: 1:20-cv-00892-KES-CDB (PC)

**ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**

(Doc. 72)

Plaintiff Cory James White is appearing pro se and *in forma pauperis* in this civil rights action.

## I.      RELEVANT BACKGROUND

On November 3, 2025, the Court issued its Discovery and Scheduling Order. (Doc. 59.) The order set the following deadlines: (1) to amend pleadings by February 3, 2026; (2) to file an exhaustion-based summary judgment motion by March 3, 2026; (3) to complete discovery by July 3, 2026; and (4) to file dispositive motions by September 14, 2026. (*Id*. at 2-3.)

On April 15, 2026, Plaintiff filed a motion for summary judgment. (Doc. 66.)

On May 1, 2026, Defendants moved for a stay of briefing on Plaintiff's summary judgment motion. (Doc. 67.)

On May 4, 2026, the Court granted Defendants' request and extended the deadline for Defendants' opposition to Plaintiff's pending motion from May 6, 2026, to September 3, 2026.

Plaintiff was to file any reply by September 17, 2026. (Doc. 68.)[1]

On July 1, 2026, Defendants filed a motion to modify the scheduling order. (Doc. 72.) Specifically, Defendants seek to extend the following deadlines by forty-five days: (1) the July 3, 2026 deadline to complete discovery, only for the purpose of completing Plaintiff's deposition, to August 17, 2026; (2) the September 17, 2026 deadline for Defendants to file their opposition to Plaintiff's Motion for Summary Judgment, to November 2, 2026; and (3) the September 14, 2026 deadline for filing all dispositive motions, to October 29, 2026. (*Id*. at 1, 4.) The motion is supported by the Declaration of John W. Nam. (*Id*. at 6-8.)

## II.    DISCUSSION

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id*.

Here, defense counsel declares that Defendants have been unable to complete Plaintiff's previously noticed depositions following Plaintiff's transfer to an outside jail facility.[2] (Doc. 72 at 6, ¶ 4.) Counsel has been informed that Plaintiff will be "out of CDCR's custody" until at least July 10, 2026, at which point counsel will re-notice the deposition and "complete it as soon as is practicable." (*Id*.) The requested 45-day extensions of the relevant deadlines — to complete Plaintiff's deposition, to file an opposition to Plaintiff's summary judgment motion, and to file a dispositive motion — would allow counsel sufficient time to complete those tasks. (*Id*., ¶ 5.) Counsel declares he has acted diligently by attempting to complete Plaintiff's deposition on two prior occasions but was unable to do so due to circumstances beyond his control, namely

---

[1] Thereafter, Plaintiff objected to Defendants' motion for a stay on briefing (Doc. 69); as the Court explained in its order issued May 28, 2026 (Doc. 70), good cause existed to grant Defendants' request and the Court has broad discretion to manage discovery and to control the course of litigation (*id*. at 4-6).

[2] Plaintiff filed a notice of change of address on June 1, 2026, indicating he is presently housed at the Theo Lacy Facility in Orange California. (Doc. 71.)

Plaintiff's transfer to an outside jail facility. (*Id.*, ¶ 6.) Further, counsel declares the requested extensions should not significantly impact the case's progress or unfairly prejudice Plaintiff. (*Id.*, ¶ 7.) Counsel maintains this is his first request to modify the scheduling order "regarding the deadline to complete Plaintiff's deposition" and that the instant request will "provide sufficient time … to complete Plaintiff's deposition, prepare and file Defendants' dispositive motion, and oppose Plaintiff's summary judgment motion, which could streamline the issues in this case." (*Id.*, ¶ 8.) He declares the request is not made for the purpose of harassment, undue delay, or any other improper purpose. (*Id.*)

Good cause appearing, Defendants' motion to modify the scheduling order will be granted.

### III.   CONCLUSION AND ORDER

Accordingly, based upon the foregoing, the Court **HEREBY ORDERS** that:

1.  Defendants' motion to modify the scheduling order (Doc. 72) is **GRANTED**; and

2.  The Discovery and Scheduling Order is **MODIFIED** as follows:

    a.  The deadline to complete discovery, solely for the purpose of taking Plaintiff's deposition, is extended from July 3, 2026, to **August 17, 2026**;

    b.  Defendants' deadline to oppose Plaintiff's summary judgment motion is extended from September 17, 2026, to **November 2, 2026**; and

    c.  The deadline to file dispositive motions is extended from September 14, 2026, to **October 29, 2026**.[3]

IT IS SO ORDERED.

Dated:   **July 2, 2026**

UNITED STATES MAGISTRATE JUDGE

---

[3] As noted in the May 28, 2026, Order, "the Court intends to consider any summary judgment motion filed by Defendants, together with Plaintiff's summary judgment motion, as the briefing on both motions will be completed close in time." (*See* Doc. 70 at 4.)

3