UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CORY JAMES WHITE,

Plaintiff,

v.

RON KRANTZ, et al.,

Defendants.

Case No.: 1:20-cv-00892-KES-CDB (PC)

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND MOTION TO APPOINT COUNSEL**

(Doc. 74)

**ORDER GRANTING DEFENDANTS' MOTION TO VACATE CERTAIN DEADLINES**

(Doc. 76)

Plaintiff Cory James White is appearing pro se and *in forma pauperis* in this civil rights action.

## I. RELEVANT BACKGROUND

On November 3, 2025, the Court issued its Discovery and Scheduling Order. (Doc. 59.) The order set the following deadlines: (1) to amend pleadings by February 3, 2026; (2) to file an exhaustion-based summary judgment motion by March 3, 2026; (3) to complete discovery by July 3, 2026; and (4) to file dispositive motions by September 14, 2026. (*Id*. at 2-3.)

On April 15, 2026, Plaintiff filed a motion for summary judgment. (Doc. 66.)

On May 1, 2026, Defendants moved for a stay of briefing on Plaintiff's summary judgment motion. (Doc. 67.)

On May 4, 2026, the Court granted Defendants' request and extended the deadline for Defendants' opposition to Plaintiff's pending motion from May 6, 2026, to September 3, 2026. Plaintiff was to file any reply by September 17, 2026. (Doc. 68.)[1]

On July 1, 2026, Defendants filed a motion to modify the scheduling order. (Doc. 72.) Specifically, Defendants sought to extend the deadlines for the completion of discovery (to complete Plaintiff's deposition), to oppose Plaintiff's summary judgment motion, and for the filing of dispositive motions, by 45 days. (*Id.*)

On July 2, 2026, the Court granted Defendants' motion and modified the scheduling order as follows: (1) extending the "deadline to complete discovery, solely for the purpose of taking Plaintiff's deposition" to August 1, 2026; (2) extending the deadline to oppose Plaintiff's summary judgment motion to November 2, 2026; and (3) extending the deadline to file dispositive motions to October 29, 2026. (Doc. 73.)

On July 16, 2026, Plaintiff filed a document titled "Motion for Reissuance of Plaintiff's Compel Discovery & Appointment of Counsel." (Doc. 74.)

On July 31, 2026, Defendants filed an opposition to Plaintiff's motion to compel (Doc. 75) and a Motion to Vacate Certain Discovery and Pretrial Motion Deadlines (Doc. 76).

The Court finds a response by Plaintiff is unnecessary.

## II. DISCUSSION

### ***Plaintiff's Motion to Compel and Motion to Appoint Counsel***

Briefly stated, Plaintiff alleges Defendants "did not provide Plaintiff his requested discovery dated 02/19/2026," and he seeks monetary sanctions against Defendants "and their lawyer." He also requests "summary judgment in" his favor. Plaintiff maintains defense counsel "is not diligent and their tacits [sic] do prejudice, harass and cause an undue delay to Plaintiff's litigation." Plaintiff states "Defendants have not provided Plaintiff Discovery per [the Court's] order of July 3, 2026." Finally, Plaintiff requests the appointment of counsel.

[1] Thereafter, Plaintiff objected to Defendants' motion for a stay on briefing (Doc. 69); as the Court explained in its order issued May 28, 2026 (Doc. 70), good cause existed to grant Defendants' request and the Court has broad discretion to manage discovery and to control the course of litigation (*id.* at 4-6).

Defendants oppose Plaintiff's motion to compel discovery. (Doc. 75.) Defendants contend they timely responded to Plaintiff's discovery requests and have fully complied with their discovery obligations. Further, Defendants assert Plaintiff's motion should be denied because it "does not specifically mention what requests are at issue." Defendants ask the Court to deny Plaintiff's motion.

<u>Plaintiff's Motion to Compel is Deficient and Will Be Denied</u>

The Court has broad authority to manage its docket and control discovery. *See, e.g.*, *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("broad discretion is vested in the trial court to permit or deny discovery").

A motion to compel is appropriate where a party fails to answer interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure or to produce relevant, non-privileged documents requested pursuant to Rule 34 that are in the responding party's possession, custody, or control. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). If a party fails to respond to a discovery request, the discovering party may move for an order compelling an answer and/or production. *Id*. An evasive or incomplete answer or response to a discovery request "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P 37(a)(4).

Generally, if a responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating that the objections are unjustified. *See, e.g*., *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the objections lack merit. *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3.

Here, Plaintiff's motion to compel makes no effort to inform the Court which discovery requests are the subject of his motion – it is unclear from Plaintiff's filing what discovery was originally propounded.[2] Plaintiff simply states Defendants "did not provide" the requested

[2] Based on Plaintiff's previously filed motion to compel, the Court presumes Plaintiff's requests included interrogatories, and requests for admission and the production of documents. (*See* Doc. 64.) Nevertheless, the instant motion merely references "discovery."

discovery. Nevertheless, Defendants assert they did respond to Plaintiff's discovery and have complied with their discovery obligations pursuant to the Court's order permitting Defendants additional time to comply. (Doc. 75 at 2.) The Court has no reason to doubt Defendants' assertion. Likewise, Plaintiff has failed to identify any specific disputed responses, or to state why the information he seeks is relevant and why Defendants' objections, presuming objections were asserted, lack merit. *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3.

In sum, Plaintiff's motion is wholly deficient and will be denied.

<u>Plaintiff's Motion for the Appointment of Counsel Will Be Denied</u>

In a single sentence, Plaintiff moves for the appointment of counsel: "Plaintiff, does request the appointment of counsel."

The undersigned observes the previously assigned magistrate judge issued an order denying the appointment of counsel on November 17, 2020. (*See* Doc. 12.) That order provided the legal standards applicable to a motion for the appointment of counsel and analyzed Plaintiff's arguments. (*Id*.) The same previously assigned magistrate judge denied Plaintiff's later request for the appointment of counsel on December 29, 2022. (*See* Doc. 25.) Plaintiff was again advised of the applicable legal standards and the Court analyzed his request, finding no exceptional circumstances existed warranting the appointment of counsel. (*Id*. at 4.) Finally, the undersigned issued an order denying Plaintiff's request for appointment of counsel on December 18, 2025. (Doc. 61.) It too provided the relevant legal standards, considered Plaintiff's request, and found no exceptional circumstances warranted the appointment of counsel in this action. (*Id*. at 2-4.)

Here, Plaintiff fails to offer any basis upon which his request is made – he simply requests counsel be appointed. Plaintiff's request will be denied. He fails to identify any exceptional circumstance that would warrant the appointment of counsel and the Court finds none.

***Defendants' Motion to Vacate Certain Discovery and Motion Deadlines***

Defendants move for an order vacating certain discovery and pretrial motion deadlines, including the deadline to complete Plaintiff's deposition, for Defendants to oppose Plaintiff's summary judgment motion, and for filing dispositive motions. (Doc. 76.) Briefly stated, because

Plaintiff is not presently in the custody of the California Department of Corrections and Rehabilitation (CDCR),[3] Plaintiff's deposition cannot be completed before the August 17, 2026, deadline. Because Defendants cannot take Plaintiff's deposition as originally planned, it is "impossible for Defendants to: (1) obtain evidence through discovery to which they are entitled; (2) file a dispositive motion by the current deadline; and (3) oppose Plaintiff's pending summary judgment motion by the current deadline." Defendants contend vacating these deadlines will avoid continued requests for modification of the scheduling order and will avoid further taxing this Court's limited resources. Defendants assert "defense counsel will regularly inquire with the CDCR litigation coordinator charged with monitoring Plaintiff's whereabouts and will file regular status updates every thirty days" and that counsel will immediately notify the Court when Plaintiff is returned to CDCR custody.

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id*.

The Court finds good cause to modify the scheduling order, and, in particular here, to vacate the relevant deadlines until Plaintiff is returned to CDCR custody following the conclusion of the present criminal proceedings before the Orange County Superior Court. The Court will direct defense counsel to submit a status report every 30 days and to advise the Court immediately upon learning that Plaintiff has been returned to CDCR custody. Thereafter, the Court will reset the relevant deadlines in this action.

///

///

---

[3] Plaintiff submitted a notice of case of address on June 1, 2026, indicating he had been transferred to the "Theo Lacy facility" in Orange, California. (*See* Doc. 71.) As of today's date, that address remains current on this Court's docket.

## III. CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court **HEREBY ORDERS** that:

1. Plaintiff's motion to compel and motion for the appointment of counsel (Doc. 74) are **DENIED**;
2. Defendants' motion to vacate certain discovery and pretrial motion deadlines (Doc. 76) is **GRANTED**. Specifically, the deadlines concerning the completion of Plaintiff's deposition, opposition to Plaintiff's summary judgment motion, and for the filing of dispositive motions are **VACATED**. The Court will reset the deadlines at a later date; and
3. Defendants **SHALL** file a status report **every 30 days**, from the date of this order, until completion of the proceedings before the Orange County Superior Court or until Plaintiff is returned to CDCR custody.

IT IS SO ORDERED.

Dated: **August 3, 2026**

UNITED STATES MAGISTRATE JUDGE