UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CORY JAMES WHITE,

Plaintiff,

v.

RON KRANTZ, et al.,

Defendants.

Case No.: 1:20-cv-00892-KES-CDB (PC)

**ORDER DENYING PLAINTIFF'S MOTION TO RECUSE MAGISTRATE JUDGE**

(Doc. 79)

Plaintiff Cory James White is appearing pro se and *in forma pauperis* in this civil rights action.

## I. RELEVANT PROCEDURAL BACKGROUND

On November 3, 2025, the Court issued its Discovery and Scheduling Order. (Doc. 59.)

On April 15, 2026, Plaintiff filed a motion for summary judgment. (Doc. 66.)

On May 1, 2026, Defendants filed a motion to stay briefing on Plaintiff's summary judgment motion. (Doc. 67.)

On May 4, 2026, the Court granted Defendants' motion and stayed briefing on Plaintiff's summary judgment motion. (Doc. 68.)

On May 26, 2026, Plaintiff filed a document titled "Opposition to Defendant's Motion to Stay Briefing Deadlines." (Doc. 69.)

On May 28, 2026, the Court issued an order addressing Plaintiff's opposition to

Defendants' motion to stay briefing and otherwise denied Plaintiff's construed request for recusal and reassignment. (Doc. 70.)

On July 2, 2026, the Court granted Defendants' request to modify the scheduling order (Doc. 72), extending the deadline for the completion of discovery to August 17, 2026, and for the filing of dispositive motions to October 29, 2026. (Doc. 73.)

On July 16, 2026, Plaintiff filed a document titled "Motion for Reissuance of Plaintiff's Compel Discovery & Appointment of Counsel." (Doc. 74.) Defendants opposed. (Doc. 75.)

On July 31, 2026, Defendants filed a motion to vacate certain case management dates. (Doc. 76.)

On August 3, 2026, the Court denied Plaintiff's motion to compel and for appointment of counsel, and granted Defendants' motion to the extent of vacating certain case management dates. (Doc. 77.)

On August 11, 2026, Plaintiff filed documents titled "Plaintiff's Notice and Motion to Compel Discovery Pursuant to Rule 34(b) and 37(a) of the Fed. R. Civ. P." (Doc. 78) and "Motion to Recuse Magistrate Judge" (Doc. 79).

This order resolves Plaintiff's motion to recuse the undersigned.

## II. DISCUSSION

### *Plaintiff's Motion*

In his motion, Plaintiff asserts that: (1) the undersigned previously was a member of the United States Attorney's staff in the Eastern District of California; (2) due to such assignment, the undersigned may have met and known the Defendants and/or counsel in this action or have [mutual] friends; and (3) the appearance of impropriety supports recusal of the undersigned in this case. (Doc. 79 at 1-2.)

In an accompanying affidavit, Plaintiff "conceives that Plaintiff will not be provided a fair and judicious proceedings in this instant matter based on his previously filed Affidavit" and due to undersigned's alleged "partiality towards the Defendants and/or their counsel." (*Id*. at 3.) Citing out of circuit precedent, Plaintiff states "a mandamus may not issue because of a judge's bias or prejudice under section 155. Though a mandamus can be used to compel disqualification

of a federal judge, where the action was initiated under section 455." (*Id*. at 4.) Plaintiff requests "perusal" of the undersigned's purported "one sided rulings in this instant matter by their totality, which taken, proves Plaintiff will not receive an impartial ruling from" the undersigned. (*Id*.) Further, Plaintiff contends "a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on that street" and that even the appearance of bias necessitates recusal. (*Id*. at 4-5.) He maintains that his "Sanctions Motion (Doc. 74)" concerned Defendants' failure to provide discovery but the undersigned "denied the request" although pro se pleadings are to be construed liberally and "granted [Defendants'] Motion (Doc. 75) … because they claimed to have provided discovery." (*Id*. at 5.) He asks the Court "to direct Defendants to produce and show proof that Plaintiff was provided discovery …" (*id*.) and contends the undersigned "is axiomatically partial to Defendants, either due to his prior assignment as a United States Attorney … where he developed feelings or beliefs to some capacity and should henceforth be recused … and all his previous ruling should be re-evaluated" (*id*. at 6).

***The Applicable Legal Standards***

A party may seek recusal of a judge based on bias or prejudice:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. [¶] The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists ....

28 U.S.C. § 144.

A motion under section 144 is initially addressed to the judge whose impartiality is being questioned. *Brew v. Fehderau*, No. 1:17-cv-00681-AWI-EPG-PC, 2017 WL 4539265, at *2 (E.D. Cal. Oct. 11, 2017) (citing *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978)). "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *Id*. (quoting *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980)). "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case" and another judge is assigned to hear the proceeding. *Id*. (quoting *Azhocar*,

581 F.2d at 738). An affidavit is sufficient where it "specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *Id*. (quoting *Sibla*, 624 F.2d at 868).

Nevertheless, "[t]he test for personal bias or prejudice in section 144 is identical to that in [28 U.S.C.] section 455(b)(1)." *Id*. (quoting *Sibla*, 624 F.2d at 867). In either case, the substantive standard is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id*. (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). The bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. *Id*. (citing *Liteky v. United States*, 510 U.S. 540, 554-56 (1994)). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id*. "In and of themselves ... they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved." *Id*. "To provide grounds for recusal, prejudice must result from an extrajudicial source. A judge's previous adverse ruling alone is not sufficient bias." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

The "reasonable person" is not "hypersensitive or unduly suspicious," and "is not a 'partly informed man-in-the-street.'" *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008) (quoting *LoCascio v. United States*, 473 F.3d 493, 496 (2d Cir. 2007)); *see Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014). Rather, the reasonable person is a "well-informed, thoughtful observer" and is "someone who 'understand[s] all the relevant facts' and has examined the record and the law." *Holland*, 519 F.3d at 913-14 (citation omitted). The Ninth Circuit has cautioned against construing the recusal statute "so broadly ... that it becomes, in effect, presumptive" upon the "merest unsubstantiated suggestion of personal bias or prejudice." *Id.* at 913 (citations omitted). Indeed, while recusal may be required by the law and facts of a case, judges "must not simply recuse out of an abundance of caution when the recusal is not appropriate." *United States v. Sierra Pac. Indus.*, 759 F. Supp. 2d 1198, 1201 (E.D. Cal. 2010) (citing *Holland*, 519 F.3d at 912). Importantly, the standard for recusal is a high one –

"[s]ince a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Perry v. Schwarzenegger*, 790 F. Supp. 2d 1119, 1129 (N.D. Cal. 2011) (citation omitted).

***Analysis***

Initially, the undersigned notes that the instant motion was filed timely and, therefore, considers the legal sufficiency of the motion. *Brew,* 2017 WL 4539265, at *2.

First, a judicial bias claim may not be based on "unfounded speculation." *Martinez v. Ryan*, 926 F.3d 1215, 1227 (9th Cir. 2019). Plaintiff's assertion that the undersigned "may have met and known" Defendants or defense counsel or have mutual friends due to previous employment at the United States Attorney's office is based on nothing more than unfounded speculation.[1] *Id.*; *Clemens v. U.S. Dist. Ct. for Central. Dist. of Cal.*, 428 F.3d 1175, 1178-79 (9th Cir. 2005) ("Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" do not ordinarily constitute grounds for disqualification under 455) (quoting favorably *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) ("mere conclusory allegations, such as claimant's, are insufficient to support a claim of bias or prejudice such that recusal is required") (quotation & citation omitted). Notably, the United States Attorney's office is not a party to nor has it appeared in this action. And a judge's prior employment alone does not establish a circumstance in which their "impartiality might reasonably be questioned" pursuant to section 455(a). *See. E.g., United States v. Champlin*, 388 F. Supp. 2d 1177, 1183-84 (D. Haw. 2005) (finding that judge's prior employment as an Assistant U.S. Attorney did not give rise to reasonable questions regarding the court's impartiality). Therefore, there is no valid factual basis for recusal.

Second, even assuming there was a factual basis for Plaintiff's allegation of a relationship, friendship is insufficient. *Sewer Alert Committee v. Pierce Cnty.*, 791 F.2d 796, 798 (9th Cir.1986) (per curiam) ("Friendship with defendants and residence in the county would not

---

[1] Defense counsel is employed by the California Department of Justice, Office of the Attorney General. (*See* Docs. 45 [Notice of Appearance] & 57 [Answer].)

lead a reasonable person to conclude that the judge's impartiality might reasonably be questioned. The court did not abuse its discretion in denying the recusal motion”). And the existence of a professional or personal relationship does not present grounds for recusal under section 455(a): “In today's legal culture friendships among judges and lawyers are common. They are more than common; they are desirable. A judge need not cut [themself] off from the rest of the legal community …. Many courts therefore have held that a judge need not disqualify [themself] just because a friend – even a close friend – appears as a lawyer.” *Philip Morris USA Inc. v. United States Food & Drug Admin.*, 156 F. Supp. 3d 36, 53 (D.D.C. 2016) (quoting *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985))

Third, as concerns Plaintiff’s allegation that the undersigned developed “feelings or beliefs” of an unidentified nature, that allegation provides no basis for recusal because it is, once again, pure speculation with not factual support. *See Martinez*, 926 F.3d at 1227; *e.g., Telford v. Walgreens*, No. C21-5094 RJB, 2021 WL 1264001, at *2 (W.D. Wash. Apr. 6, 2021) (denying motion to recuse where plaintiff asserted the magistrate judge “‘is an ex US attorney still wedded to her prior employment and [Plaintiff] believe[s] she was biased in her assessment of jurisdiction’”); *Taituave v. Cal. Dep’t of Corrs. and Rehab*., No. EDCV 19-01414 JVS (RAO), 2020 WL 7263539, at *1 (C.D. Cal. Aug. 6, 2020) (inmate-plaintiff’s allegation that magistrate judge, as a former Assistant U.S. Attorney, engaged in “practice” of “arbitrarily screen[ing] out prisoner rights law suits” found to be “pure speculation, and provides no basis for recusal”).

Finally, Plaintiff’s contention that the undersigned has issued “one sided rulings,” citing to the denial of his motion for sanctions against Defendants for a failure to provide discovery, is legally insufficient. As the undersigned explained in denying Plaintiff’s motion filed July 16, 2026, Defendants asserted in their opposition that “they did respond to Plaintiff’s discovery” and had “complied with their discovery obligations” and thus the Court had “no reason to doubt Defendants’ assertion,” noting that Plaintiff “failed to identify any specific disputed responses, or to state why the information he seeks is relevant and why Defendants’ objections, presuming objections were asserted, lack merit.” (*See* Doc. 77 at 4.) And Defendants’ opposition was supported by defense counsel’s declaration under penalty of perjury, and paragraph two in

particular: "In accordance with the Court's July 1, 2026 Order granting Defendants additional time to respond to Plaintiff's discovery requests, Defendants timely served their responses and objections upon [Plaintiff]." (*See* Doc. 75 at 4.) Moreover, despite Plaintiff's conclusory statement that Defendants have not responded to his February 2026 discovery requests, the Court observes that a review of Plaintiff's recent motion to compel, filed two days before the instant motion to recuse, states: "defendants objections *are* and *should be* waived as a result of their failure to make them in a timely manner …" (*See* Doc. 78 at 4, italics added.) Therefore, it appears clear that Plaintiff received Defendants' responses to his discovery requests given Plaintiff's reference to their "objections" and his argument that those objections "should be waived as a result of their failure to make them in a timely manner."[2] In any event, the denial of Plaintiff's motion does not constitute a valid basis for the undersigned's recusal. *Liteky*, 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" & unfavorable judicial rulings "can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved"); *Poland v. Stewart*, 117 F.3d 1094, 1103-04 (9th Cir. 1997) (denial of a party's motion does not support recusal); *Holland*, 519 F.3d at 914; *Mayes*, 729 F.2d at 607.

Plaintiff's "fanciful theory of bias cannot 'overcome [the] presumption of honesty and integrity in those serving as adjudicators.'" *Martinez*, 926 F.3d at 1227 (alteration in original, citation omitted). The Court finds Plaintiff fails to identify facts that would cause a reasonable, well-informed observer to doubt the undersigned's ability to adjudicate the case before it fairly and impartially. And because Plaintiff's motion and affidavit are legally insufficient, assignment to another judge is not warranted. *Brew,* 2017 WL 4539265, at *2. In sum, Plaintiff fails to meet his substantial burden. *Perry*, 790 F. Supp.2 d at 1129.

## III. CONCLUSION AND ORDER

For the reasons given above, the Court declines to refer this matter to another judge or to recuse. Accordingly, the Court **HEREBY ORDERS** that Plaintiff's motion to recuse the

[2] Plaintiff's motion to compel filed August 11, 2026, will be addressed separately and in due course.

undersigned (Doc. 79) is **DENIED**.

IT IS SO ORDERED.

Dated: **August 24, 2026**

UNITED STATES MAGISTRATE JUDGE