UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY JAMES WHITE,<br>Plaintiff,<br>v.<br>RON KRANTZ, et al.,<br>Defendants. | Case No.: 1:20-cv-00892-KES-CDB (PC)<br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S THIRD MOTION TO COMPEL**<br>(Doc. 78) |

Plaintiff Cory James White is appearing pro se and *in forma pauperis* in this civil rights action.

**I. RELEVANT BACKGROUND**

On April 13, 2026, Plaintiff filed his first motion to compel discovery. (Doc. 64.)

On April 15, 2026, the Court issued its Order Denying Plaintiff's Motion to Compel as Premature. (Doc. 65.) In denying Plaintiff's motion, the Court reasoned that because it had "extended the relevant discovery response deadline" to May 25, 2026, Plaintiff's motion seeking to compel responses to his February 19, 2026, discovery requests from Defendants was premature and that Defendants had not waived any objections as a result. (*Id*. at 2.)

On July 16, 2026, Plaintiff filed a document titled "Motion for Reissuance of Plaintiff's Compel Discovery …." (Doc. 74.) This motion also concerned Plaintiff's discovery requests of February 19, 2026, and asserted Defendants had failed to respond to discovery. (*Id*. at 1 ["the

Defendants have not provided Plaintiff discovery"].)

On August 3, 2026, in relevant part, the Court issued its order denying Plaintiff's motion to compel. (Doc. 77.) Specifically, the Court denied the motion as procedurally deficient because Plaintiff failed "to inform the Court which discovery requests are the subject of his motion" and also noted Defendants' assertion that "they did respond to Plaintiff's discovery and have complied with their discovery obligations …," and stating the Court had "no reason to doubt Defendants' assertion." (*Id*. at 3-4.)

On August 11, 2026, Plaintiff filed "Plaintiff's Notice and Motion to Compel Discovery Pursuant to Rule 34(b) and 37(a) of the Fed. R. Civ. P." (Doc. 78.) Defendants filed an opposition (Doc. 81) and Plaintiff replied by filing a document titled "Addendum to Plaintiff's Notice and Motion to Compel Discovery …" (Doc. 84).

## II. DISCUSSION

### *A. Plaintiff's Motion*

Plaintiff states that on or about February 19, 2026, he served Defendants with a Request for Production of Documents to which Defendants failed to respond "and did not make an effort to obtain an extension from the Court or the Plaintiff." (Doc. 78 at 2.) Plaintiff states that the first page of the request specifically "notices defendants that: 'The Documents Are To Be Made Available Wherever Plaintiff May Be Housed Either: In The California Medical Facility Or The Orange County Men's Central Jail.'" (*Id*.) Plaintiff argues Defendants have waived any objections by failing to respond "by July 3rd of 2026" and that their failure "is correctable through court action." (*Id*. at 3.) In an accompanying declaration, Plaintiff states he served Defendants "with a Request for production of document (4 pages), Request for Interrogatories (2 pages) and Request for Admissions (2 pages)" and that as of August 6, 2026, Defendants have not responded. (*Id*. at 4, ¶ 3.), Next, Plaintiff declares that Defendants' "objections are and should be waived as a result of their failure to make them in a timely manner, as set forth in the Fed. R. Civ. P." (*Id*., ¶ 4.)

Defendants' Opposition

Defendants contend that Plaintiff's motion "should be denied by the Court for the same reasons that the Court denied Plaintiff's prior discovery motions" and that, as they have previously noted, "they timely filed response[s] to Plaintiff's discovery requests at issue here and fully complied with their discovery obligations." (Doc 81.) Defendants further contend that Plaintiff's motion "does not specifically mention what requests are at issue (if there are any), which is grounds for denying the motion." (*Id*. at 1.)

Plaintiff's Response

To begin with, Plaintiff references in his Addendum his earlier-filed motions to compel and notes that the Court's denial of those motions proves the undersigned magistrate judge's "implicit biasness and partiality towards Defendants and their counsel when he surmised that: 'Defendants timely served their responses and objections upon [Plaintiff].'" (Doc. 84 at 1-2.) Thereafter, Plaintiff quotes from the instant motion to compel and his motion to recuse[1] filed August 13, 2026, before stating "A judge is to liberally construe, not misconstrue, a in propria persona [litigant]'s filings." (*Id*. at 2.) Further, Plaintiff asserts he has "exhibited due diligence throughout these proceedings and had he received a response from the Defendants, he would have responded in kind." (*Id*.) He contends his statements were "deliberately taken out of context" and that neither "Defendants nor their counsel has provided the discovery requested from February 2026." (*Id*.)

Next, Plaintiff states he was transferred to the Orange County Jail in May 2026. He recounts that prior to the transfer, he submitted "Doc. 64 on 4/13/2026," and that approximately three months, "Plaintiff submitted Doc. 74, because the front page of his February 2026 Discovery Request" referenced documents were to be made available whether Plaintiff was housed at the Orange County Jail or at the California Medical Facility. (Doc. 84 at 3.) Plaintiff then states: "To Plaintiff's Knowledge the Documents have not arrived at either location, because if Plaintiff had received them, especially at the California Medical Facility he would have had to

[1] Plaintiff's motion to recuse was denied August 24, 2026. (Doc. 80.)

sign for them." (*Id.*) Plaintiff separately inquires rhetorical whether the undersigned magistrate judge was "calling Plaintiff a liar? Because Plaintiff has already sworn several affidavits and Declaration stating he has not received Discovery from the Defendants or their Counsel." (*Id.*) In a supporting declaration, in relevant part, Plaintiff declares he "has received no discovery from the Defendants or their counsel." (*Id.* at 4, ¶ 2.) Further, Plaintiff declares: "Plaintiff asserts had he received said discovery from Defendants or their Counsel it would be evidenced by his signature." (*Id.*, ¶ 3.) Lastly, Plaintiff declares: "Plaintiff's statement in Doc. 79 at 7, referenced to 'objections' was done in a confluence of being proactive because Plaintiff has not received any discovery from Defendants or their Counsel." (*Id.*, ¶ 4.)

***B. Applicable Legal Standards***

"District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quotation marks & citation omitted). The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *United States v. Chapman Univ*., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation & citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …." Fed. R. Civ. P. 26(b)(1).

A motion to compel is appropriate where a party fails to answer interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure or to produce relevant, non-privileged documents requested pursuant to Rule 34 that are in the responding party's possession, custody, or control. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). If a party fails to respond to a discovery request, the discovering party may move for an order compelling an answer and/or production. *Id*. An evasive or incomplete answer or response to a discovery request "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P 37(a)(4).

As concerns requests for admissions, Rule 36 provides that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the

court." Fed. R. Civ. P. 36(a)(3).

### *C. Analysis*

Initially, the Court observes that Plaintiff's motion is procedurally deficient. Plaintiff has failed to provide the Court with copies of the discovery at issue. (*See* Doc. 78, generally.) The First Informational Order in Prisoner/Civil Detainee Case, issued June 29, 2020, provides: "*Except in the case of a discovery dispute* (discussed below), parties are not to file their copies of their discovery requests with the Court. Local Rules 250.1, 250.2, 250.3, 250.4." (*See* Doc. 4 at 4, italics added.) Further, in the Discovery and Scheduling Order issued November 3, 2025, the parties were advised that "[d]iscovery requests and responses shall not filed with the Court *unless required by Local Rules 250.2, 250.3 and 250.4*." (*See* Doc. 59 at 1, italics added.) That order further provides that "[i]f discovery disputes arise, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 110, 130, 131, 133, 135, 142, 144, and 230(l) of the Local Rules for Practice for the United States District Court, Eastern District of California. A discovery motion that does not comply with applicable rules will be stricken and may result in the imposition of sanctions." (*Id*. at 2.)

Local Rules 250.2(c), 250.3(c), and 250.4(c) state discovery requests "shall not be filed *unless and until there is a proceeding in which*" the interrogatories, documents or requests are "*at issue*." (Italics added.) Thus, pursuant to this Court's Local Rules, in support of a motion to compel, Plaintiff is required to provide copies of the propounded discovery at issue. *See*, *e.g.*, *Spencer v. Sherman*, No. 1:21-cv-01551-JLT-CDB (PC), 2026 WL 2137669, at *7 (E.D. Cal. July 24, 2026) (denying prisoner's motion to compel and stating: "Plaintiff did not identify what specific request or requests he was seeking to compel because he failed to identify any request by number and did not attach the request for production at issue. [] Plaintiff's motion is therefore deficient"); *Torres v. Quick*, No. 1:22-cv-01536-KES-EPG (PC), 2025 WL 1305864, at *2 (E.D. Cal. May 6, 2025) (denying prisoner's motion to compel and stating: "Plaintiff's motion fails to attach the requests for production, or [to] state in the motion what specific documents were requested"); *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan 13, 2012) ("plaintiff fails to comply with L.R. 250.2(c) and/or L.R. 250.3(c), by failing to

provide those interrogatories and/or requests for production and the responses to which plaintiff takes issue").

Nevertheless, the Court observes the primary issue presented in Plaintiff's motion to compel involves the Court's previous finding or ruling that Defendants responded to Plaintiff's February 2026 discovery requests. Plaintiff continues to argue he did not receive, and to date has not received, any discovery responses from Defendants. Defendants continue to assert they timely responded to Plaintiff's requested discovery.

A review of the record for this action reveals the Court granted Defendants' request for an extension of time to respond to Plaintiff's written discovery requests on April 8, 2026. (Doc. 63.) Specifically, the Court found good cause to extend the deadline and ordered that "Defendants SHALL respond to Plaintiff's written discovery requests no later than May 25, 2026." (*Id*. at 3, bold omitted).[2] That order was served to Plaintiff at the California Medical Facility, his address then on record with the Court.

On June 1, 2026, Plaintiff filed a notice of change of address, indicating he had been transferred to the "Theo Lacy facility" in Orange, California. (Doc. 71.) The notice is dated and signed May 25, 2026. (*Id*.)

On July 31, 2026, in response to Plaintiff's second motion to compel, defense counsel declared under penalty of perjury that "Defendants timely served their responses and objections upon Defendant [sic]." (*See* Doc. 75 at 4, ¶ 2.)

And on August 31, 2026, in opposition to the instant motion, Defendants argue "they timely responded to Plaintiff's discovery requests at issue here and fully complied with their discovery obligations." (Doc. 81 at 1.)[3]

Considering Plaintiff's failure to provide the Court with copies of his discovery requests

---

[2] In Defendants' request for an extension of time within which to respond to Plaintiff's written discovery, defense counsel declared as follows: "Plaintiff's first set of written discovery requests, consisting of: (1) Plaintiff's Request for Production of Documents (Set One; (2) Request for Interrogatories (Set One); and Requests for Admission (Set One) (Plaintiff's requests) to Defendants appear to have been served by U.S. mail on February 19, 2026." (See Doc. 62 at 3, ¶ 3.)

[3] This opposition does not include a supporting declaration by defense counsel or any Defendant.

that are at issue in any of his motions to compel, coupled with defense counsel's declaration that Defendants timely served discovery responses, the Court reasonably inferred Defendants had complied with their discovery obligations. Nonetheless, because the Court's review of the record does not reveal the date that Defendants' discovery responses were purportedly served upon Plaintiff[4] or the address to which the responses were served upon Plaintiff — particularly given the time frame involved as concerns Plaintiff's transfer from the California Medical Facility to the facility in Orange County and the May 25, 2026, deadline associated with Defendants' responses to Plaintiff's written discovery — the Court will grant Plaintiff's instant motion in part. Specifically, the Court will direct Defendants to (1) file a supplemental pleading to include copies of their discovery responses and the accompanying proofs of service, and (2) re-serve Plaintiff with their discovery responses at Plaintiff's address of record.[5]

Upon receipt of the supplemental filing, the Court will determine whether further action by the Court is necessary.

## III. CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** that:

1. Plaintiff's motion to compel (Doc. 78) is **GRANTED IN PART and DENIED IN PART,** as further specified below;
2. Defendants are **ORDERED** to take the following actions **within seven (7) days** of the date of service of this order:
   a. File a supplemental pleading that includes a declaration of defense counsel addressing the date Defendants' discovery responses were served to Plaintiff, to include copies of those discovery responses and the accompanying proofs of service bearing the identity and address of the facility used for service to Plaintiff; and
   b. Re-serve Plaintiff with Defendants' discovery responses at his address

[4] Neither defense counsel's declaration nor the instant opposition provide a date upon which Defendants served their discovery responses. (See Doc. 75 & Doc. 81.)

[5] Plaintiff's address of record remains: "THEO LACY FACILITY, 501 South City Drive, Orange, CA 92868."

presently on record with the Court.

IT IS SO ORDERED.

Dated: **October 13, 2026**

UNITED STATES MAGISTRATE JUDGE