UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CORY JAMES WHITE,

Plaintiff,

v.

RON KRANTZ, et al.,

Defendants.

Case No.: 1:20-cv-00892-KES-CDB (PC)

**ORDER FOLLOWING DEFENDANTS' RESPONSE FILED OCTOBER 21, 2026**

Plaintiff Cory James White is appearing pro se and *in forma pauperis* in this civil rights action. This action proceeds on Plaintiff's Free Exercise Clause claims against Defendants Krantz, Howard, Gonzales, and Lindsey.

**I. INTRODUCTION**

On October 14, 2026, the Court directed Defendants to file a supplemental pleading to include "a declaration of defense counsel addressing the date Defendants' discovery responses were served to Plaintiff, to include copies of those discovery responses and the accompanying proof of service bearing the identity and address of the facility used for service to Plaintiff" and to re-serve Plaintiff with the discovery responses to his address on record with the Court. (Doc. 86.)

On October 21, 2026, Defendants filed their response to the Court's order. (Doc. 87.) It includes the Declaration of John W. Nam (*id*. at 3), Defendants' written discovery responses (*id*. at 4-39), and the related proof of service dated May 26, 2026 (*id*. at 40).

## II. DISCUSSION

As indicated on the proof of service dated May 26, 2026, Defendants served their written discovery responses to Plaintiff at his address then on record with the Court:

Cory James White, CDCR# AP6653
California Medical Facility
P.O. Box 2000
Vacaville, CA 95696-2000

(Doc. 87 at 40.) Although Plaintiff filed a Notice of Change of Address dated and signed May 25, 2026, the Court and Defendants did not receive notice of his new address until June 1, 2026, when the notice was filed with the Court. (*See* Doc. 71.) This Court's Local Rule 182 states a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address" and that without said notice "service of documents at the prior address of the … pro se party shall be fully effective." Local Rule 182(f). Therefore, the Court finds Defendants' responses to written discovery were timely and properly served to Plaintiff at the California Medical Facility on May 26, 2026, because the Court and Defendants were without notice of Plaintiff's move to the Theo Lacy Facility in Orange, California until June 1, 2026.

Considering the foregoing, the Court has determined no further action is necessary regarding the parties' written discovery. (*See* Doc. 86 at 7 ["Upon receipt of the supplemental filing, the Court will determine whether further action by the Court is necessary"].)

At present, the completion of Plaintiff's deposition, Defendants' opposition to Plaintiff's summary judgment motion, and the deadline for filing pretrial dispositive motions have not been reset because Plaintiff is not presently in the custody of the California Department of Corrections and Rehabilitation (CDCR). (*See* Doc. 77 at 6 [vacating those deadlines and stating "The Court will reset the deadlines at a later date"].) Further, the Court notes that in Defendants' status report filed October 2, 2026, Plaintiff had not been returned to CDCR custody, was unavailable to attend a deposition, and remained in Orange County for purposes of "attending to his ongoing criminal proceeding" there. (Doc. 85.) Defendants' next status report is due November 2, 2026.

## III. CONCLUSION AND ORDER

Accordingly, the Court will take no further action concerning the parties' written discovery. The deadlines for taking Plaintiff's deposition, Defendants' opposition to Plaintiff's summary judgment motion, and for the filing of pretrial dispositive motions will be reset once Plaintiff has been returned to CDCR custody. Defendants shall continue to keep the Court apprised regarding Plaintiff's custody status.

IT IS SO ORDERED.

Dated: **October 22, 2026**

UNITED STATES MAGISTRATE JUDGE